## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BOBBY LYNN HARVEY,               )
                                 )
            Petitioner,          )
                                 )
    vs.                          )          Case No. CIV-07-1267-M
                                 )
MIKE ADDISON, Warden,[1]         )
                                 )
            Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C.

§ 2254, seeking a writ of habeas corpus.  The matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).    In

accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition [Doc. No.1] and

the simultaneously filed Brief in Support [Doc. No. 3] have been preliminarily reviewed, and

for the following reasons, it is recommended that the petition be dismissed as untimely filed

under 28 U.S.C. § 2244(d).

### Background

Petitioner purports to challenge his convictions pursuant to his plea of nolo

contendere[2] to nine separate counts:  four counts of rape by instrumentation, two counts of

---

[1]Petitioner also listed the Attorney General of the State of Oklahoma as a respondent.  However, where, as here, the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent.  Rule 2, Rules Governing Section 2254 Cases in the United States District Courts.  Therefore, the Attorney General should be dismissed.

[2]In Oklahoma, a plea of nolo contendere or no contest admits the facts pleaded in the information but may not be used against the defendant in a related civil suit.  *See Morgan v. State*, 744 P.2d 1280, 1281 (Okla.

(continued...)

forcible oral sodomy, and one count each of abuse of a minor child, lewd molestation and

causing or encouraging a minor to possess and/or consume marihuana in Case No. CRF-97-

221, District Court of Pottawatomie County.  Petition, p. 1; Petitioner's Brief in Support

("Petitioner's Brief"), p. 2.  On December 19, 1997, Petitioner was sentenced to ten years

imprisonment on each count with the sentences to be served consecutively.  Petitioner's

Brief, p. 3.  Petitioner filed a certiorari appeal and the Oklahoma Court of Criminal Appeals

("OCCA") affirmed his convictions and sentences on August 5, 1999.[3]  *See* Petitioner's

Brief, attached OCCA Order Affirming the Denial of Post-Conviction Relief (citing

summary opinion in *Harvey v. State*, Case No. C-98-1311).

Over three years later, on August 29, 2002, Petitioner filed an application for post-

conviction relief in the trial court alleging that he was actually innocent and that his plea of

nolo contendere had not been knowingly and voluntarily entered because his attorney failed

to investigate and subpoena any witnesses.  Petition, p. 4; Petitioner's Brief, p. 3.  The trial

court denied Petitioner's application for post-conviction relief, and the OCCA affirmed the

---

[2](...continued)
Crim. App. 1987).

[3]Petitioner states that he was granted an appeal out of time and the trial court denied his application
to withdraw his nolo contendere plea on May 20, 1998.  Petitioner's Brief, p. 3.  Although Petitioner states
that his certiorari appeal was denied by the OCCA on September 22, 1999, an OCCA document submitted
by Petitioner shows that his appeal was denied on August 5, 1999.  Petitioner's Brief, attached OCCA Order
Affirming the Denial of Post-Conviction Relief (citing summary opinion in *Harvey v. State*, Case No. C-98-
1311).  The undersigned has calculated Petitioner's one-year limitation period using the date given in the
OCCA Order.   However, Petitioner's § 2254 petition is untimely using either date.

trial court's denial on November 13, 2002.  Petitioner's Brief, p. 3 and attached OCCA Order

Affirming the Denial of Post-Conviction Relief, Case No. PC-2002-1194.

According to Petitioner, over four years later, on April 16, 2007, he filed an

application for a writ of habeas corpus in the trial court, again alleging that he was actually

innocent and that trial counsel's errors deprived him of a fair trial.  Petition, p. 5.  The trial

court denied his application, and the OCCA affirmed the trial court's denial on October 15,

2007.  Petitioner's Brief, and attached OCCA Order Denying Petition for Relief, Case No.

HC-2007-939.

On November 8, 2007, Petitioner filed the instant habeas petition, raising a single

ground for relief based on his assertion that his Fourteenth Amendment rights have been

violated because he is actually innocent of the crimes for which he was convicted.  Petition,

p. 6.  In his supporting brief, Petitioner includes allegations that the trial court violated his

due process rights by denying his application for post-conviction relief ("Proposition I") and

that his nolo contendere plea was coerced, rendering the plea involuntary ("Proposition II").

Petitioner's Brief, pp. 4-5.

Discussion

I.     Screening Requirement

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an

obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief . . . ."  The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").[4]

Having reviewed the petition, supporting brief and the attached materials, the undersigned finds that all of the dates relevant to the timeliness issue are contained within the record provided by Petitioner at the time this action was filed.  *See Kilgore v. Estep*, 519 F.3d 1084 (10th Cir. 2008). Recognizing that timeliness is an issue, Petitioner has asserted that because he is actually innocent, "the time limitations of 28 USCA and 2244(d)(A)" should not be applied and the limitations period should be subject to "equitable tolling." Petitioner's Brief, pp. 1 and 4.  In support of his claim of actual innocence, Petitioner offers "new evidence" in the form of affidavits or statements which he claims demonstrate that he did not commit the offenses for which he was convicted.[5]  *See* Petition, pp. 4-7; Petitioner's Brief, pp. 1, 4-5, and attachments.  For the following reasons, the undersigned finds that the

---

[4]Moreover, the undersigned's *sua sponte* consideration of the petition will not prejudice Petitioner since he has another opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation.  *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (unpublished decision cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

[5]According to Petitioner, he has submitted these affidavits from "one of the victims [S.H.], her sister, Lisa Harvey, their father, Johnny Harvey, Ruby Morris and Curtis Morris" to the "district court, the OCCA, and this court."  Petitioner's Brief, p. 5.

petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and that Petitioner is not entitled to equitable tolling.

II.    Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for the filing of habeas petitions by prisoners in state custody.  The limitation period begins from the latest of the following: (1) the date on which a state court judgment becomes final; (2) the date of the removal of an unconstitutional state-created impediment; (3) the date on which a right is newly recognized by the Supreme Court; or  (4) the date on which the factual predicate of the claims could have been discovered through due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the one-year limitation period under this statute begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[]" as provided by Section 2244(d)(1)(A) unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above.  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The record submitted by Petitioner reflects that his convictions based on his nolo contendere pleas were affirmed by the OCCA on August 5, 1999, and that the convictions became "final" for purposes of § 2244(d)(1)(A) ninety days later, by November 4, 1999, when the time for Petitioner to seek certiorari review from the OCCA's decision to the United States Supreme Court expired.  *See York v. Galetka*, 314 F.3d 522, 526-27 (10th Cir.

2003) (characterizing motion to set aside guilty plea as part of Oklahoma direct appeal process); *Kirk v. Mullin*, No. 01-6442, 42 Fed.Appx. 336 (10th Cir. July 9, 2002) (unpublished decision) (holding one-year limitation period began ninety days after OCCA's denial of certiorari appeal);[6] *see also Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001) (period of direct review includes the period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not petitioner actually files certiorari petition). Accordingly, under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year - until November 4, 2000 - to file his federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). However, Petitioner did not initiate this action until approximately November 6, 2007,[7] well beyond the expiration of the applicable limitation period. Thus, absent statutory or equitable tolling of the limitation period, the petition is untimely.[8]

---

[6]This unpublished decision and any others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[7]The petition is file stamped November 8, 2007. Although Petitioner did not sign the habeas petition, he signed the certificate of service for his supporting brief on November 6, 2007, and therefore Petitioner has been given the benefit of that date as his filing date.

[8]Petitioner has not argued that the Court should apply the provisions of §§ 2244(d)(1)(B), (C), or (D), to trigger a later onset of the limitation period. However, the petition is untimely even if his actual innocence claim could be viewed as triggering § 2244(d)(1)(D), which provides for the limitation period to run from "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." To the extent Petitioner's claim of actual innocence is supported by affidavits and statements purportedly signed in April 2002, the factual predicate of such claim would have been known to him at least by that date. Thus, his federal habeas action, filed November 6, 2007, would be untimely even under the later triggering date of § 2244(d)(1)(D).

III.   Tolling

Statutory Tolling

Federal law provides that the limitation period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied,* 127 S.Ct. 3007 (2007)*; see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year period).  Petitioner's first post-conviction action in 2002 and his second post-conviction action in 2007 were both filed well after the limitation period had expired on November 4, 2000.  Therefore, Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2).

Equitable Tolling

Petitioner recognizes that his petition may be untimely filed and argues that the one-year limitation period should not be applied to him based on his claim that he is actually innocent of the crimes for which he was convicted.  Petitioner's Brief, pp. 1 and 4.  The United States Court of Appeals for the Tenth Circuit has held that the "AEDPA's one-year statute of limitations is subject to equitable tolling but only in 'rare and exceptional circumstances.'"  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000))(quoting *Davis v.*

*Johnson*, 158 F.3d. 806, 811 (5th Cir. 1998)); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (acknowledging that a claim "that a constitutional violation has resulted in the conviction of one who is actually innocent" may warrant equitable tolling of the limitation period). Such equitable relief is, however, "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Miller,* 141 F.3d at 978.

In order to establish "actual innocence," Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner claiming actual innocence must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id. See also Price v. Friel*, No. 07-4094, 2007 WL 2452699, *1 (10th Cir. Aug. 30, 2007) (unpublished decision) (applying standard in *House v. Bell*, 547 U.S. 518 (2006) to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period); *Rose v. Newton-Embry*, No. 05-6245, 2006 WL 2536601 (10th Cir. Sept. 5, 2006) (unpublished decision), *cert. denied*, 127 S.Ct. 2039 (2007) (same, citing *Schlup, supra*); *Reynolds v. Hines*, No. 02-7043, 2003 WL 170678 (10th Cir. Jan. 27, 2003) (unpublished decision) (same, applying *Schlup* standard of proof).

In support of his claim of actual innocence, Petitioner offers affidavits/statements by family members including a purported statement made by S. H., one of the two child victims, in which she allegedly recants her testimony[9] concerning the offenses for which Petitioner, her uncle, was convicted.  Petitioner's Brief, Attachments.  According to Petitioner, these affidavits, which were "presented to district court, the OCCA, and this court[,]" prove that he is factually innocent of the charges.  Petitioner's Brief, p. 5.  These statements contain generally the same basic information - that the affiant heard S.H. state that certain of the allegations against Petitioner were not true and the "statements that she had made in court were coerced" by prosecutors and DHS officials; that the bruises sustained by S.S. (the other child victim) were the result of a bicycle wreck rather than any sexual abuse; and that the affiant would have testified to these statements, but Petitioner's attorney 's failure to make contact.  For the following reasons, the undersigned finds that these affidavits do not rise to the level of "new reliable evidence" required to support equitable tolling of the limitation period.

The state district court rejected Petitioner's claim of factual innocence based on the court's assessment that the affidavits submitted by Petitioner were "inherently suspect and that the testimony of the child victims received by the court belies the claims now presented that Petitioner did not commit the alleged offenses."  Petitioner's Brief, attached OCCA

---

[9]Because Petitioner was convicted on his no contest pleas, there was no trial; nonetheless, testimony was apparently taken in preliminary court proceedings as noted b the OCCA' reference to the district court's assessment of the affidavits offered by Petitioner in light of the "testimony of the child victims received by the court . . . ."  Petitioner's Brief, attached OCCA Order Affirming Denial of Post Conviction Relief, Case No. PC-2002-1194.

Order Affirming Denial of Post-Conviction Relief, p. 3.  The OCCA found no error in that assessment.  *Id.*  The undersigned agrees.

The affidavits were apparently not executed until April of 2002, over four years after Petitioner's convictions; however, the information contained in the affidavits was clearly known to the affiants (all of whom are Petitioner's close relatives) at the time of the convictions in 1997.  The only explanation offered for this delay is that these potential witnesses were never contacted by Petitioner's attorney.  The affiants offer no credible explanation as to what prompted their testimony after four years of silence.  *See Herrera v. Collins*, 506 U.S. 390, 417-18 (1993) (finding affidavits fell short of threshold for actual innocence showing based in part on affiants' failure to provide satisfactory explanation as to why they "waited until the 11th hour" to offer their statements).  Moreover, the opinions and statements of these "witnesses" about the victims' motives, injuries and credibility certainly do not qualify as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence ."  See *Schlup v. Delo*, 513 U.S. at 324.

Petitioner relies in particular on the alleged "sworn affidavit" by S. H., Petitioner's niece who he describes as "coming forward with the truth" in an "act of courage."  Petitioner's Brief, p. 10.  However, the one page document is not signed, sworn, or dated, and does not constitute reliable evidence of Petitioner's innocence.  Recanted testimony is "generally  looked upon with suspicion."  *Funkhouser v. Saffle,* No. 91-5105, 1991 WL 252669, at *4 (10th Cir. Nov. 25, 1991) (unpublished decision) (quoting *United States v.*

*Ahern*, 612 F.2d 507, 509 (10th Cir. 1980)).  In this case, such caution is clearly warranted, as there is no evidence whatsoever to support the veracity of this document.  Even if the document had been properly signed and executed, rather than demonstrating Petitioner's innocence, certain statements in the document actually support Petitioner's guilt with respect to charges of sexual abuse and causing or encouraging a minor to posses and/or consume marihuana.[10]  Therefore, the unsigned document, purporting to be a statement from one of the minor victims in the case, falls far short of the "extraordinarily high" threshold required to demonstrate actual innocence.  *Herrera*, 506 U.S. at 417.

Finally, Petitioner has failed to rebut the factual findings of the state courts that the affidavits were inherently suspect and not credible. *See* 28 U.S.C. § 2254(e).

Moreover, actual innocence evidence "must be considered in light of the proof of Petitioner's guilt at trial."  *Herrera,* 506 U.S. at 418.  Where, as in this case, Petitioner entered a plea of no contest in open court, such admission of culpability mitigates strongly against a subsequent finding of actual innocence, particularly given the unreliable nature of the evidence submitted by Petitioner.  *See Pettit v. Addison*, No. 04-7044, 2005 WL 2671946, *3 (10th Cir. Oct. 20, 2005) (unpublished decision) (finding victim's recantation unpersuasive given *inter alia* "Pettit's admission of culpability by way of his no contest plea"); *see also*

---

[10]For example, paragraph 2 includes an admission that Petitioner did sexually molest S.H. but "only when he was on drugs & alcohal [sic]."  Paragraph 4 includes an admission that Petitioner offered drugs and beer to S. H. but only because he was drunk and/or playing "to see if I would do it."

*Herrera*, 506 U.S. at 418 (finding "troubling" petitioner's failure to offer an explanation as to why he, "by hypothesis an innocent man, pleaded guilty").

For these reasons, the undersigned finds that the record fails to include credible evidence of Petitioner's innocence.  *See Loving v. Mahaffey*, No. 01-7063, 2001 WL 1564057 (10th Cir. Dec. 10, 2001) (unpublished decision) (finding petitioner's unsupported claim of actual innocence, "especially in light of his plea[s] of guilty in open court, insufficient to entitle him to equitable tolling") (citing *Schlup*, 513 U.S. at 324). Accordingly, Petitioner is not entitled to equitable tolling based on his assertion of actual innocence.

In addition,  "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Petitioner was convicted and sentenced on December 19, 1997, following his pleas of nolo contendere.  He does not claim to have sought withdrawal of his plea on grounds of actual innocence.  He first asserted an actual innocence claim in his post-conviction proceedings in 2002 based on the affidavits submitted here.  After the OCCA affirmed the denial of post-conviction relief in November 2002, Petitioner waited nearly four more years, and then instead of filing a federal habeas petition, he filed a state habeas action again asserting his innocence.  Thus, the record shows that Petitioner did not diligently pursue his actual innocence claim and he is not eligible for equitable tolling on this basis.

12

Because Petitioner has not shown actual innocence or due diligence, the statute of limitations should not be equitably extended.[11]  Therefore, the undersigned finds that the petition is clearly untimely on its face and the action is barred by the one-year limitation period.

RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).   Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by June 19, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[11]To the extent the Court considers as a habeas claim Petitioner's allegation, raised only in his supporting brief, that the trial court's denial of post-conviction relief violated his due process rights, such claim, even if considered timely under 28 U.S.C. § 2244(d)(1)(D), fails to raise a claim for habeas relief.  The Tenth Circuit has held that an attempt by a habeas petitioner to challenge "the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding."  *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (holding that alleged procedural deficiency in state's scheme for post-conviction relief did not rise to the level of a federal constitutional claim cognizable in habeas corpus since even if state post-conviction petition was dismissed arbitrarily, petitioner could present anew to the federal courts any claim of violation of his federal constitutional rights); *Graves v. Boone*, No. 99-7013, 1999 WL 1079626, *2 (10th Cir. Nov. 30, 1999) ("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele, supra*).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

ENTERED this 30th of May, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

14